(Decided June 23rd, 1897).

---

## FLORENCE WOOLLEY et al. *vs.* WM. J. PRICE, and ANNIE E. SPARKS, Executors, et al.

*Executors and Administrators—Same Person Both Executor and Trustee—Liability of Sureties on Executor's Bond—Transfer of Property by Operation of Law.*

Where property is bequeathed to a trustee who is also appointed executor of the will, then, after the lapse of the time limited by statute for the settlement of the estate, the law will adjudge the property to be held by him in his capacity of trustee, whether a final account has been passed by the Orphans' Court or not, upon the principle that what the law has enjoined upon him to do shall be considered as done; and in such case the bond given by him as executor is not liable for a *devastavit* committed by him after the lapse of such time.

A testator left one-half of his property to his widow and the other half

## WOOLLEY vs. PRICE. 177

to K. as trustee for third parties. The widow and K. were appointed executors, qualified as such and took possession of the estate. The widow died eight years after probate of the will and no inventory of the estate had then been filed. K. was insolvent and the property bequeathed to him as trustee wasted. A new trustee was appointed who filed a bill against the sureties on the bond of K. and the widow as executors to recover the value of the trust estate. *Held,* that after the time fixed by law for the settlement of the estate, the testator's widow and K. held the property in their character of legatees, and although there was no visible change of possession there was a change in the nature of the title by which they held, and consequently the liability of the sureties on their bond as executors then ceased.

If the *devastavit* had been committed by the executors before the time fixed for such settlement of the estate, then their bond would have been liable therefor.

Appeal from a decree of the Circuit Court for Queen Anne's County (RUSSUM, C. J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*James P. Gorter* and *Hope H. Barroll* (with whom was *Bernard Carter* on the brief), for the appellant.

*Alfred J. Carr* and *Olin Bryan,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

James B. Palmer of Queen Anne's County died in the year eighteen hundred and eighty-five possessed of a considerable amount of personalty. He left a last will and testament which was duly admitted to probate. By his will he left one-half of the residue of his estate to his widow and the other half to B. Palmer Keating, in trust for his brother George S. Palmer for life, with remainders over upon certain contingencies, and he appointed the widow and Keating executors. The executors received letters testamentary, and gave bond in the usual form. Mrs. Palmer, the widow, died in March, eighteen hundred and ninety-four. Before her death no inventory of the estate had been returned to the Orphans' Court, and there were no proceedings in the

Court to show how the duties of the executors had been discharged. After the death of Mrs. Palmer, the surviving executor, B. Palmer Keating, returned an administration account, which showed a sum of more than twelve thousand dollars as the moiety of the residue bequeathed to him in trust. After the passage of this administration account, Keating was by the decree of a Court of Equity removed from the trusteeship, it being proved that he was insolvent; and William W. Busteed was appointed trustee in his place, with authority to take such legal and equitable proceedings against the executors of James B. Palmer and the sureties on their official bond as might be necessary and proper for the recovery of the funds belonging to the trust. William K. Sparks was one of the sureties on the testamentary bond of the executors of James B. Palmer. He died in the year eighteen hundred and ninety, leaving real and personal estate which he disposed of by last will and testament. It is alleged that all the other sureties are insolvent. A bill in equity was filed by Busteed, trustee, against the executors of Sparks, his devisees and legatees, for the purpose of enforcing against them the alleged liability of the executors of Palmer for the legacy to B. Palmer Keating in trust for the persons named in his will. A demurrer was filed to the bill, and it was dismissed. After the dismissal of the bill, the appellants by leave of the Court became parties plaintiff, for the purpose of prosecuting this appeal.

The cardinal question in the case is whether the executors of Palmer continued responsible for the legacy to Keating, as trustee, or whether it is to be considered as paid to Keating, in his capacity as trustee at the expiration of the time appointed by law for the settlement of the estate, or afterwards. It is well settled that if the legacy had been to both of the executors as trustees, there would have been by operation of law a transfer of the fund to them as trustees, and as they would have ceased to hold it as executors, their testamentary bond would have been discharged. *State* v. *Cheston,* 51 Md. 352. The principle is stated that as they

would represent different characters, they could not pay the
money to themselves and that in case of refusal there was
no person who could enforce payment ; and that, therefore,
the law would by implication consider the money in their
hands in that representative character which ought to re-
ceive it.    It was also said that where an executor " sustains
the two-fold character of executor and guardian, *the law
will adjudge* the ward's proportion of the property then in
his hands, to be in his hands in the capacity of *guardian*,
after the time limited by law for the settlement of the estate,
*whether a final account has been passed by the Orphans'
Court or not;* upon the principle that *what the law has en-
joined upon him to do shall be considered and done,* and
from that time he holds the ward's proportion of the prop-
erty *by operation of law*, in that character in which he would
be entitled to receive it upon a final completion of his trust
as executor."    So in *Flickinger* v. *Hull*, 5 Gill, 60, we find
the principle stated thus : "Where a person in one character is
debtor, and the same person in another character is creditor,
the law regards the debt as paid by the debtor capacity to
the creditor ; and this on the same principle which governs
in the case where a man has several capacities, and is found
in possession of property, the law will attach the possession
to the capacity in which, of right, it ought to be held."
The will of Palmer left one half of his personal estate to his
wife, and the other half to Keating in trust.    When the
time for the settlement of the estate had elapsed they by
operation of law held the whole of the residue of the per-
sonal estate by operation of law in their character as lega-
tees.    There was no visible change of possession ; but there
was a change in the nature of the title by which they held.
The trusts of the executorship *eo instanti* ceased.    They
held thereafter the whole of the residue as tenants in com-
mon, and not jointly as executors.    Their visible possession
was the same, but they held in a different character.    After
this change in the character in which they held, of course
they could divide the residue, and each one would hold one-

half in severalty ; the widow for her own use, and Palmer in trust. The fact that as executors they held jointly, and afterwards they held as tenants in common suggests a technicality of too refined and subtle a nature to be accepted as the basis of a legal doctrine, which is to determine valuable rights, and to settle serious responsibilities. If they had executed a deed conveying the residue from themselves as executors to themselves as tenants in common it would certainly have terminated their responsibility as executors. And yet this would have been an idle formality, which would accomplish nothing more than would take place by implication of law without any act on their part. It is significant that in *Cheston* v. *State,* 51 Md., which is regarded as a leading case, where the Court held that the assets passed by operation of law from the executors to the trustees, who were the same individuals, their titles were different. The executors, of course, held jointly ; but the estate of the trustees was "to them and the survivors or survivor of them." This was an estate to them for life, with a contingent remainder to the survivors or survivor. But the visible possession was the same, and it was the change in the character of the possessors which released the executors from responsibility. We therefore conclude that one half of the residue passed to Palmer in trust for the purposes mentioned in the will, and that the executors were discharged from responsibility.

The bill charges that the sum bequeathed to Keating, as trustee, was never paid over to him as trustee by the executors, but that said money during the lifetime of Mrs. Palmer was wasted and squandered by the executors or one of them. The bill also charges that Mrs. Palmer lived nearly nine years after the grant of letters testamentary and nearly eight years after the expiration of the time for settling the personal estate. If the bill had alleged a *devastavit* before the time for the settlement of the estate, it would have shown that the legacy never came to the hands of Keating, as trustee. But unless a *devastavit* was

committed within this time, the law conclusively presumes that the legacies in the will passed out of the hands of the executors in their representative capacity and this presumption is not overcome by the charge that the money was wasted and squandered, by the executors, or one of them during the lifetime of Mrs. Palmer. The charge ought to be specific and definite that it was squandered during the time that they could properly hold it as executors. The learned Judge, who decided this case in the Circuit Court, called attention to this point in his opinion, and gave leave to the complainant to amend the bill in this particular, but he declined to make the amendment.

It will be seen that we think that the bill cannot be maintained.

*Decree affirmed with costs in this Court, and the Circuit Court.*

(Decided June 22nd, 1897).